**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30011

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTHONY BAEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CR-97)

January 26, 1998

Before WISDOM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On July 11, 1996, Anthony Baez pleaded guilty to an indictment charging him and 13 others with conspiracy to possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846.[2]  That same day, he entered into a Use and Derivative Use Immunity Agreement with the United States.  In exchange for Baez's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] Neither the indictment nor the factual basis for Baez's guilty plea included the amount of cocaine that would ultimately be attributed to him for purposes of sentence calculation.  The factual basis does, however, note that Baez stored unspecified quantities of cocaine at his home on behalf of a codefendant.

agreement to cooperate in its ongoing investigation of other defendants, the government agreed to advise the sentencing court of his assistance, and promised that none of the truthful information he disclosed under the agreement would be used, directly or indirectly, to increase his sentence.[3]

The district court eventually sentenced Baez to a 30-month term of imprisonment, to be followed by a three-year term of supervised release. Since neither the indictment nor the factual basis for the guilty plea included the amount of cocaine attributable to Baez for sentencing purposes, the district court calculated his sentence on the basis of the recommendations set forth in the Presentence Investigation Report. The Probation Officer who prepared the report concluded that Baez should be held responsible for having trafficked in approximately 612 grams of cocaine. The district court accepted this finding over Baez's objections.

Baez's principal contentions in this appeal are that the district court clearly erred in concluding (1) that the Government did not use immunized information for purposes of increasing his sentence, and (2) that there was a sufficient evidentiary basis for his sentence. A district court's findings as to the quantity of drugs upon which a sentence should be based are factual findings

---

[3] Government agents debriefed Baez on July 15, 1996, under the terms of the immunity agreement.

that we review for clear error.[4]

Section 1B1.8 of the Guidelines provides that neither the government nor the court may use information that a defendant has furnished in reliance on a valid immunity agreement to increase his or her sentence.[5]  Since immunity agreements are in the nature of contracts,[6] it is Baez's burden to show by a preponderance of the evidence that the government breached the agreement.[7]  Our principal inquiry, then, is whether Baez has demonstrated that the factual underpinnings of his sentence were tainted by the direct or indirect use of the immunized information he furnished.  We uphold Baez's sentence if the record reveals that the district court relied on evidence that the government obtained from legitimate, independent sources.[8]  If the record so reveals, neither the government nor the district court can be said to have breached the

---

[4] *United States v. Rivera*, 898 F.2d 442, 445 (5th Cir. 1990).

[5] The Commentary to § 1B1.8 offers an illustration: "If a defendant is arrested in possession of a kilogram of cocaine and, pursuant to an agreement to provide information concerning the unlawful activities of co-conspirators, admits that he assisted in the importation of an additional three kilograms of cocaine, a fact not previously known to the government, this admission would not be used to increase his applicable guideline range, except to the extent provided in the agreement."

[6] *United States v. Fulbright*, 804 F.2d 847, 852 (5th Cir. 1986).

[7] *United States v. Mendoza*, 78 F.3d 460, 465 (9th Cir. 1996). See also *United States v. Watson*, 988 F.2d 544, 548 (5th Cir. 1993) (defendant bore the burden of proving that the government breached a plea agreement by a preponderance of the evidence).

[8] See *Fulbright* at 852.

immunity agreement.

A sentencing court is justified in relying on information provided in a presentence report that has an adequate evidentiary basis.[9]  After conducting an extensive, three-session sentencing hearing, the district court concluded that "the presentence report had a valid evidentiary basis that was not connected to information that was provided by defendant Baez in any immunized debriefings." The presentence report concluded that Baez had purchased one ounce of cocaine from his codefendant, Raumondo Dominguez, had stored another two ounces for Dominguez, and had been present in his own home when Dominguez weighed seven more ounces.  These amounts totaled 10 ounces, or 283 grams of cocaine.  The report further stated that Baez should be held accountable for 329 grams that had been seized from Dominguez upon the latter's return from a cocaine-purchasing trip to Florida.  According to the report, wiretap information revealed that Baez had been aware that Dominguez and other codefendants were traveling to Florida to purchase cocaine, and that Baez had agreed to furnish traveling expenses.[10]  The total

---

[9] *United States v. Tedder*, 81 F.3d 549, 551 (5th Cir. 1996). See also *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995) (a presentence report generally bears sufficient indicia of reliability to be considered as evidence by the district court in resolving disputed facts).

[10] Drug conspirators are accountable not only for the quantities of drugs they actually possessed, but also for the quantities foreseeably possessed by their coconspirators in furtherance of the conspiracy. *United States v. Bermea*, 30 F.3d 1539, 1575 (5th Cir. 1994).

quantity of cocaine that the presentence report attributed to Baez was approximately 612 grams, resulting in a base offense level of 26.[11]

It is clear to us that the presentence report had a sound evidentiary basis that was independent of the information Baez furnished to the government under the immunity agreement. In the factual basis for his plea, Baez admitted that he had purchased cocaine from, and stored cocaine for, Dominguez. He also admitted that his wiretapped conversations with Dominguez showed a pattern of dealing in cocaine. In addition, a search of Baez's residence uncovered a white powder residue, as well as three scales of the type used for measuring distribution quantities of cocaine. Finally, we note that while some of the evidence used to determine Baez's culpability was obtained directly from Dominguez,[12] Baez has not made the requisite showing that Dominguez would not have furnished the inculpatory information but for Baez's immunized testimony.[13] Accordingly, we affirm the district court's findings

---

[11] Section 2D1.1 of the Guidelines establishes base offense levels according to the quantity of drugs attributable to a defendant. Baez's offense level was ultimately lowered to 19, which corresponded with a guideline range of 30-37 months' imprisonment.

[12] A probation officer interviewed Dominguez after Baez's debriefing. Dominguez told a probation officer that he had weighed seven to nine ounces of cocaine in Baez's residence, and that Baez knew that he was traveling to Florida to purchase cocaine.

[13] See *United States v. Gibson*, 48 F.3d 876, 878-79 (5th Cir. 1995).

that the government did not breach the immunity agreement, and that Baez's sentence rests on a sufficient evidentiary basis.  We have carefully reviewed Baez's remaining claims, and find no reversible error.

AFFIRMED.  All pending motions are hereby DENIED.